IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

   Plaintiff,

v.            Civil Action No. 16-1881-RGA

HONORABLE CATHY BISSOON, et al.,

   Defendants.

**MEMORANDUM**

The above-captioned case, filed December 19, 2016, has been assigned to the undersigned. (D.I. 3-1). The case was stayed on January 9, 2017, so that the "vexatious litigant" procedure established by an order of Judge Bissoon in *Coulter v. Ramsden*, Civ. Act. No. 12-1050, D.I. 33 (W.D. Pa. Dec. 18, 2012), and *Coulter v. Mahood*, Civ. Act. No. 12-1241, D.I. 20 (W.D. Pa. Dec. 18, 2012), could be followed. In relevant part, the order prohibits Plaintiff "from filing any additional civil actions related to or arising from the state court proceedings involving her criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights." (*Id.* at p.6). The order was affirmed by the Third Circuit on August 1, 2013. (Case No. 13-1077).

On February 8, 2017, I directed Plaintiff to show cause why this case should not be dismissed. (D.I. 4). On February 28, 2017, Plaintiff filed a Response to the order to show cause (D.I. 5) and an amended complaint.[1] (D.I. 6). In the Response, Plaintiff alleges that I have

---

[1] The amended complaint expands upon the allegations of the complaint. Therefore, I treat the amended complaint as having superseded the complaint, and only discuss the amended

1

"join[ed] into the Civil and Criminal Conspiracies of [my] 'brethren.'" In the amended complaint, Plaintiff added me as a defendant.[2]

The general background was previously summarized by the Court of Appeals:

> Coulter pleaded nolo contendere to one count of aggravated assault on May 11, 2007 in the Butler County Court of Common Pleas. . . . The victim of the assault was Coulter's minor daughter. Coulter was sentenced by Judge William Shaffer to a term of imprisonment of 15-30 months. As a special condition of her probation, Coulter was precluded by Judge Shaffer from having any contact with her daughter. Coulter's parental rights were terminated on January 11, 2011 following a hearing in Orphans Court presided over by Judge Thomas Doerr . . . . Coulter was released from prison on January 25, 2010, after serving her maximum sentence, and began serving her term of probation. . . . [H]er probation [was set to] expire[] on or about January 25, 2013.

*Coulter v. Studeny*, 522 F. App'x 147, 148 n.1 (3d Cir. 2013).

In the order to show cause, I wrote, "This case appears to fall within the ambit of the prior order, as it appears to be completely based on allegations about how Plaintiff's previous litigation was handled." Plaintiff responds that the case is not within the scope of the prior order, because the instant case "is in no way 'related to' any State Court Case, either past or present." (D.I. 5 at

---

complaint.

[2] Ordinarily, when a judge is assigned to a case in which he has been named as a party, the judge would recuse himself *sua sponte* pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself from "any proceeding in which his impartiality might be reasonably questioned" or when he is "a party to the proceeding." 28 U.S.C. § 455(a) & (b)(5)(i). In this case, however, I was assigned to the case, and then named as a party. Disqualification is not required when the litigant baselessly sues or threatens to sue the judge. *See In re Hipp, Inc.*, 5 F.3d 109 (5th Cir.1993); *United States v. Grismore*, 564 F.2d 929 (10th Cir. 1977). It is well established that the actions of a judge in pending or previous litigations are not grounds for disqualification, *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003), and "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). Thus, I have considered the question of recusal *sua sponte*, but I am convinced that there is no basis for me recusing myself, and, therefore, I do not do so.

p.3). Plaintiff cites "the Western District's own paper-work" as defining what is a related civil case. (*Id.*). She says the instant case is not related because it involves different parties, different time frames, and different locations.

In reviewing the eight cases that led to the vexatious litigant order, I note that they were filed between September 19, 2011, and October 10, 2012. The Defendants in those cases were judges, law firms, lawyers, bar associations, prosecutors, probation and parole officers, and youth services workers. Judge Bissoon summarized these cases as "appear[ing] connected with state court proceedings involving Plaintiff's criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights." *Coulter v. Ramsden*, Civil Action No. 12-1050, D.I. 33, at 4 (W.D. Pa. Dec. 18, 2012). I note that attorney Marie Milie Jones was counsel for some defendants in at least four of the eight cases. (W.D. Pa. Nos. 12-60, 12-338, 12-1050, 12-1241).

Defendants in this case are three district judges, six Third Circuit judges, attorney Jones, and an unknown Clerk's Office employee. Notwithstanding the eleven Defendants, the allegations center on attorney Jones and Judge Bissoon. The amended complaint makes a number of factual allegations: (1) Judge Bissoon's vexatious litigant order is forbidden because it means that Plaintiff's cases are not randomly assigned (D.I. 6 at pp. 5-7)[3]; (2) Judge Bissoon's order was complied with by some individual in the Clerk's Office (*id.* at pp. 7-8); (3) at some time before December 2012, in an unnamed case, attorney Jones filed a "Sealed Adoption Record

---

[3] In a 2015 appeal, the Court of Appeals noted that Coulter "had the opportunity to challenge [the vexatious litigant] order in earlier appeals, and, in each appeal, we summarily affirmed the District Court's judgment." *Coulter v. Lindsay*, 622 F. App'x 187, 188 n.2 (3d Cir. 2015).

3

from the State Courts, without providing notification to the Federal Court's Clerk that the document must remain sealed by State Law" (*id.* at p. 8); (4) all of the judicial officers violated the Canons of the Judicial Code of Conduct 3.B.(5)[4] by not reporting Judge Bissoon's and attorney Jones' misconduct (*id.* at pp. 10, 11-12, 14-17); and (5) Judge Bissoon released some information from the "Sealed Adoption Record" in her December 18, 2012 order (*id.* at pp. 10-11).

Pretty clearly, Plaintiff is the prototype of a vexatious litigant, and this lawsuit fits the pattern. Most of the Defendants are the federal judges who ruled against her in her earlier vexatious litigation, who are now sued on the theory that what they learned while judging her cases created disclosure obligations on them. She made a complaint to Judge McKee, he denied it, and she sues him. The Third Circuit affirmed the "vexatious litigant order," and Plaintiff now attacks the order on a different ground. The Sealed Adoption Order is not only clearly "related to" the earlier proceedings, the claim that it was improperly placed in the record has been repeatedly alleged.

Plaintiff's complaint is "related to" the earlier state court proceedings, as it challenges the actions of the participants in the federal litigation about the earlier state court proceedings. In particular, in regard to attorney Jones, the allegations against her are that she publicly filed a document, which should have been filed under seal. Although Plaintiff does not identify which document exactly this is supposed to be, it appears to be a memorandum opinion terminating Plaintiff's parental rights. It was at the heart of the state proceedings. Its use in the federal

---

[4] Canon 3.B.(5) states: "A judge should take appropriate action upon learning of reliable evidence indicating the likelihood that a judge's conduct contravened this Code or a lawyer violated applicable rules of professional conduct."

4

proceedings challenging the handling of the state proceedings is "related to" the state court proceedings. Thus, the allegations against attorney Jones and the unnamed Clerk's Office employee, per the vexatious litigant order, will be struck from the record. In my opinion, since all of the complaints against the judges are complaints that directly flow from the litigation about the earlier state court proceedings, I believe that they are properly struck also.

Every Court has the inherent authority to manage the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases". *Dietz v. Bouldin*, 579 U.S. __, 136 S.Ct. 1885, 1892 (2016). Finally, the Court has broad discretion in deciding whether to dismiss an action with prejudice pursuant to its inherent authority to manage its docket. *See Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007) ("We reiterate that the court has broad discretion in deciding whether to dismiss an action with prejudice under Rule 41(b) or pursuant to its inherent authority to manage its docket."); *see Sharkey v. Verizon New Jersey, Inc.*, 2014 WL 7336768, at *1 (D.N.J. Dec. 22, 2014) (due to the Court's inherent authority to manage its docket, the Court *sua sponte* dismisses Count Two of Plaintiff's Complaint).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Under Fed. R. Civ. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the

court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.". Fed. R. Civ. P. 8(a). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014).

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Assuming for the sake of argument that the amended complaint were not struck, it would still fail. It is frivolous and, indeed, malicious. Nine of the ten named defendants are judges, and the acts complained of are judicial acts. Since "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts," *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006), the judicial Defendants are immune from suit and are not properly named as Defendants. Plaintiff argues that she is suing over administrative decisions, not judicial rulings, and that judges' administrative decisions are not judicial acts. The

6

law is not so fine. Issuing opinions, assigning cases, reviewing (and denying) misconduct complaints, *see* 28 U.S.C. § 352, and reporting (or not reporting) lawyers and/or other judges for lack of compliance with the rules are decisions made in the performance of the judge's duties. Thus, in the alternative, all the judicial Defendants will be dismissed based on immunity from suit.

Plaintiff alleges that attorney Jones filed the "Sealed Adoption Record" without properly requesting that it be sealed. Plaintiff does not point out in which case, and when, Jones is supposed to have done this. The only hint as to what Plaintiff is talking about by referring to the "Sealed Adoption Record" is that Judge Bissoon is supposed to have referred to it in her December 18, 2012 order. The order only refers to two things that could possibly be encompassed by the "Sealed Adoption Record." It is pretty clear that what Plaintiff is referring to is a "Memorandum Opinion," issued by Judge Doerr, which terminated her parental rights.

Plaintiff had herself revealed the termination of parental rights in the very first pleading she filed in this series of federal court cases, when she referred to her child's testimony "in relation to the subsequent Termination of Parental rights." (*Coulter v. Doerr*, No. 11-1201, D.I. 1 (W.D. Pa. Sept. 19, 2011). The Court can take judicial notice of the public record, which includes court records. *See Lum v. Bank of America*, 361 F.3d 217, 221-22 n.3 (3d Cir. 2004). In her suit against Judge Doerr, his attorney (who was not attorney Jones) publicly filed the Memorandum Opinion in connection with a motion to dismiss on January 5, 2012. *Coulter v. Doerr*, Civil Action No. 11-1201, D.I. 17-1 (W.D. Pa. Jan. 5, 2012). Plaintiff objected to its filing for numerous reasons, including that it was, "[b]arred from introduction by Pennsylvania and Federal Rules of Court and Statute," and that it was "a self-serving, unverified, unsworn

7

series of fabrications." (*Id.*, D.I. 21, p.3). After the assigned Magistrate Judge issued a Report and Recommendation, Plaintiff made numerous objections, including that the Memorandum Opinion's contents were "prohibited from introduction by both Pennsylvania Statute and Case Law." (*Id.*, D.I. 23, p.15). Her objections were overruled; and an appeal followed, with summary affirmance being granted on May 30, 2012. (Ct. App. No. 12-1864). In separate litigation, in *Coulter v. Butler County Children & Youth Services*, No. 12-338, attorney Jones publicly filed the same Memorandum Opinion on June 18, 2012. (*See* D.I. 22-2). Plaintiff responded with a motion to strike, stating that the evidence was "specifically prohibited from introduction by Federal Rules of Evidence, Rule 410." (D.I. 27, p.2). The motion was denied; the case was later dismissed; and the dismissal was affirmed.

Plaintiff has lost her argument against the filing of the Memorandum Opinion at least twice already. Thus, renewing it in the complaint against attorney Jones is repetitive and baseless. As the Court of Appeals noted in *Coulter v. Lindsay*, "in previous cases [Coulter] had made 'strenuous objections' to the District Court's use of certain facts in the public record, and that she had argued in those cases that the records should have been under seal and were therefore not 'public.' . . . Coulter was attempting to relitigate issues decided in a previous case." 622 F. App'x 187, 189 (3d Cir. 2015). It further described "Coulter's . . . motion for 'special relief,' seeking to have the District Court seal an 'adoption record' that she alleges is part of the District Court record in previous cases." *Id.* at n.3. The complaint against attorney Jones is therefore frivolous and malicious.

Finally, Jones does not appear to be a state actor as is required to state a claim under 42 U.S.C. § 1983. She is an attorney in private practice who represented defendants in a number of

8

the cases. Because attorney Jones is not a state actor, the § 1983 claim fails against her as a matter of law.

With regard to the supplemental claims raised against Jones under Pennsylvania law, the court notes that 12 Pa. C.S.A. § 2910 is a criminal statute that does not provide for a private cause of action. The other two statutes Coulter relies upon, 23 Pa. C.S.A. § 2915 and § 2931, to the extent they both provide for a private cause of action, and that is far from clear, are both barred by Pennsylvania's two-year limitations period. *See* 42 Pa. C.S.A. § 5524(7) ("the following action must be commenced in two years . . . (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct . . ."). The Memorandum Opinion was filed about four and a half years before this suit was filed. Coulter knew about it at the time. She complained about it at the time. It is therefore more than two years too late to complain about it in this lawsuit. The claims raised against Jones are therefore frivolous.

The allegation that a District Court Clerk's Office employee complied with a federal judge's order provides no factual basis legally sufficient to support a section 1983 claim (which requires a state actor), *see West v. Atkins,* 487 U.S. 42, 48 (1988), or any of the other torts alleged by Plaintiff. To the extent that Coulter complains about this defendant's conduct in complying with a federal judge's order, "any public official acting pursuant to court directive is [] immune from suit." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *see also Catanzaro v. Davis*, __ F. App'x __, 2017 WL 13273274 (3d Cir. Apr. 13, 2017). The District Court Clerk's Office employee is absolutely immune from suit. The District Court Clerk's Office employee

9

will be dismissed as no claim has been, or can conceivably be, stated against that individual. Attempting to sue the Clerk's Office employee is frivolous and malicious.

Coulter refers to numerous federal criminal statutes in the Amended Complaint. To the extent she seeks to impose criminal liability upon the Defendants pursuant to the criminal statutes upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The criminal claims are frivolous and malicious.

For the reasons stated, the Amended Complaint will be struck, that is, dismissed with prejudice. In the alternative, all claims against all Defendants will be dismissed as frivolous and malicious. Amendment of the complaint would be futile.

A separate order will be entered.

Richard G. Andrews
United States District Judge
(Sitting by Designation)

Dated: July 5, 2017